UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
    RESOURCE ENERGY            )     Case No. 09-33669(1)(11)
    TECHNOLOGIES, LLC          )
                                                )
                    Debtor(s)          )

## MEMORANDUM-OPINION

This matter came before the Court on the Motion to Hold Ralph Mollett ("Mollett") in Contempt filed by Debtor Resource Energy Technologies, LLC ("Debtor").  The Court considered the Debtor's Motion, the Response to Motion to Hold Mollett in Contempt filed by Mollett and comments of counsel for both parties at the hearing held on the matter.  For the following reasons, the Court **DENIES** Debtor's Motion to Hold Mollett in Contempt.

## PROCEDURAL BACKGROUND

On March 5, 2009, Mollett filed a Complaint against Debtor and its two principals, John Charles ("Charles") and Robert Thorpe ("Thorpe") in Edmonson Circuit Court.

On July 24, 2009, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On August 4, 2009, Mollett filed a Motion in the Edmonson Circuit Court against the Defendants seeking an Order compelling discovery.  Specifically, Mollett sought production of answers to interrogatories and requests for production of documents, some of which include documents and records of the Debtor.

The Motion to Compel was set for a hearing on August 17, 2009. Because of Debtor's Chapter 11 filing, counsel for Debtor, Charles and Thorpe did not attend the hearing believing all action was stayed pursuant to 11 U.S.C. §362.

Mollett's counsel attended the scheduled hearing and informed the Edmonson Circuit Court of the bankruptcy filing of Debtor but proceeded on the Motion to Compel against Charles and Thorpe.

On August 26, 2009, the Edmonson Circuit Court issued an Order which stated, in part:

> Discovery was propounded to all defendants on June 5, 2009. No answers have been forthcoming. Plaintiff's counsel advises that Resource Energy Technologies, LLC has filed a Chapter 11 bankruptcy in United States Bankruptcy Court, Louisville Division, Case No. 09-33-669. As such, all discovery and other matters in this action are stayed as to Resource Energy Technologies.
>
> However, it is the plaintiff's position that a co-debtor stay does not exist when one debtor has filed a chapter 11 proceeding. Accordingly, the Motion to Compel discovery as to the individual defendants, John F. Charles and Robert E. Thorpe is granted. Defendants Charles and Thorpe shall have until the close of business on August 27, 2009 to prepare, file and serve full, fair and complete answers to all discovery propounded to them by plaintiff.

On November 12, 2009, Debtor filed the instant Motion for Contempt contending Mollett violated the automatic stay by seeking and acquiring an Order requiring Debtor's members, Charles and Thorpe, to turnover documents of the Debtor that they hold only in their capacity as members of the Debtor.

## LEGAL ANALYSIS

The automatic stay provision of 11 U.S.C. §362 prohibits:

> . . .
> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. §362(a)(3).

The issue before the Court is whether Mollett's efforts to obtain discovery from the Defendants, who are members of the Debtor LLC, violate this provision of the statute.

The property rights of a debtor are limited by any restrictions arising under applicable state law. Additionally, the separate co-existence of a corporation is respected in bankruptcy. The automatic stay does not stay actions against separate entities associated with the debtor. <u>In re Peoples Bankshares, Ltd.</u>, 68 B.R. 536 (Bankr. N.D. Iowa 1986). One exception to this general rule is where such unusual circumstances exist that warrant the extension of the stay to a non-debtor third party. That rule applies where it may be said that there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and a judgment or finding against the third party defendant will, in effect, be a judgment or a finding against the debtor. <u>In re Uni-Marts, LLC</u>, 404 B.R. 767 (Bankr. D. Del. 2009). <u>McCartney v. Integra Nat. Bank North</u>, 106 F.3d 506 (3d Cir. 1997).

The Order entered by the Edmonson Circuit Court clearly applies only to the non-Debtor Defendants, Thorpe and Charles. Thorpe and Charles, however, are members of the Debtor, a limited liability corporation. Under Kentucky law, any member of an LLC may inspect and copy any limited liability company record. <u>See</u>, KRS 275.185(2). Thus, to the extent the requested discovery encompasses documents of the Debtor, Thorpe and Charles have access to this information in their capacities as individual members of the LLC. The Court does not find that this constitutes an act to "obtain possession of" or "exercise control over property of the estate." Accordingly, there is no violation of the automatic stay.

## **CONCLUSION**

For all of the foregoing reasons, the Motion to Hold Ralph Mollett in Contempt is **DENIED**.

An Order incorporating the findings herein accompanies this Memorandum-Opinion.

                                         */s/ Joan A. Lloyd*
                                         Joan A. Lloyd
                                         United States Bankruptcy Judge
                                         Dated: December 1, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
    RESOURCE ENERGY              )    Case No. 09-33669(1)(11)
    TECHNOLOGIES, LLC            )
                                                )
                Debtor(s)         )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Hold Ralph Mollett in Contempt filed by Debtor Resource Energy Technologies, LLC be, and hereby is, **DENIED.**

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 1, 2009